CHARLES KEENER, Respondent, *v.* WILLETT KIDD, Appellant.

(County Court, Orange County, March, 1911.)

Duress — What constitutes.

> Where a fish and game protector, in pursuance of an arrangement previously made with a father whose minor son had been guilty of an infraction of the Game Laws for which the penalty might be a fine of sixty dollars and imprisonment, goes with the other parties before a justice of the peace of the town where the defendant resides and the son pleads guilty to a charge of having violated the Game Laws, and the justice imposes a fine of twenty-five dollars, which the father pays to the Forest, Fish and Game Commission without the entry of any formal judgment of conviction, the father cannot maintain an action against the officer for extortion, although the justice of the peace was not a justice of the county where the offense was committed.

APPEAL from a judgment of the justice's court of the city of Middletown, in favor of the plaintiff, for the sum of twenty-five dollars damages and eight dollars and sixty cents costs, rendered January 3, 1911.

The plaintiff alleges that, on October 25, 1910, the defendant was a forest, fish and game protector of the State of New York, and as such officer was authorized by law to make arrests of persons charged with having violated said "Fish and Game Laws" of said State; and that, on or about said 25th day of October, 1910, while defendant was such fish and game protector, he at the city of Middletown wrongfully and unlawfully and by the use of threats made to the plaintiff that he would cause an infant son of plaintiff to be arrested and imprisoned for violating the fish and game laws

21

of said State, unless plaintiff paid him money to prevent it, wrongfully and unlawfully extorted and exacted and took the sum of twenty-five dollars from the plaintiff. ·

To this cause of action the defendant pleaded a general denial.

H. B. Royce, for appellant.

John F. Bradner, for respondent.

SEEGER, J. On the 25th day of October, 1910, the defendant called upon the plaintiff at his place of business and informed him that he was a fish and game protector, and that a complaint had been made to him against the plaintiff's minor son for fishing in a lake at Fallsburg, Sullivan county, N. Y., with a set line, which was a violation of the law, the penalty for which was sixty dollars and imprisonment, and that if he would settle he would let him off reasonably. The plaintiff said that he wanted counsel and defendant suggested that he was going to the office of Mr. Powelson; and plaintiff, being acquainted with Mr. Powelson, agreed to go with defendant to his office, and accompanied him there, where each of the parties had a private interview with Mr. Powelson, after which the defendant made a complaint or information in writing before said Powelson, who was also a justice of the peace, charging the plaintiff's minor son with said violation of the forest, fish and game laws. The plaintiff pleaded guilty to said charge for his son and the parties agreed upon the sum of twenty-five dollars in settlement of the fine or penalty. No formal conviction was entered, but the plaintiff paid the said sum of twenty-five dollars to the defendant by his check in writing upon the First National Bank of Middletown, which was dated on the 29th day of October, 1910, and was paid at said bank on the third day of November of the same year.

The plaintiff was informed by the justice that he was entitled to an adjournment for counsel and to a trial by jury, but the plaintiff elected not to avail himself of that privilege, but chose to plead guilty to the charge. It does not appear

that the plaintiff was under any compulsion whatever at the time of the transaction. He apparently delivered the check voluntarily and permitted it to be paid at the bank without any attempt to stop the payment thereof. No question of the jurisdiction of the court was raised, and the only irregularity that appears in the transaction is that the charge was made before a justice of the county of Orange, instead of a justice of the county of Sullivan, where the offense was alleged to have been committed. The plaintiff resided in the city of Middletown, where Justice Powelson resided, and he appears to have been very well acquainted with the said Justice Powelson, and I cannot find from the evidence that any advantage whatever was taken of the plaintiff; and the disposition of the matter before Justice Powelson was more convenient than the institution of a proceeding in the county of Sullivan, and both parties appeared anxious to dispose of the matter with as little expense and inconvenience as possible.

It was the duty of the defendant to enforce all laws relating to fish, birds and game, and to execute all warrants and search warrants issued for a violation of the fish and game laws. Laws of 1909, chap. 24, § 14.

The crime with which the plaintiff's son was charged was punishable by a fine of not less than ten dollars or more than the amount of the penalty recoverable in a civil action, or by imprisonment, or by both such fine and imprisonment. Id., § 26.

A penalty of sixty dollars and an additional penalty of ten dollars for each fish taken or possessed in violation thereof were recoverable in such civil action. Id., § 143.

The amount of the penalty or fine imposed upon the plaintiff in the manner aforesaid and paid by him was within the limit provided by the statute. The defendant paid the amount of the fine recovered from the plaintiff to the Forest, Fish and Game Commission, as required by section 21 of the same law, within a reasonable time after its recovery from the plaintiff.

It is difficult to see how the court could arrive at the conclusion that the defendant did anything in the premises ex-

cept to discharge the duties of his office without imposing upon the plaintiff or his minor son any unnecessary hardship or expense.

The judgment should be reversed, with costs.

Judgment reversed.